IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPHINE WOODS, | &#124; |
| | &#124; |
| Plaintiff, | &#124; |
| | &#124; |
| -v- | &#124;    Cause No.: 1:06-cv-1804-WTL-RLY |
| | &#124; |
| FRESENIUS MEDICAL CARE GROUP | &#124; |
| NORTH AMERICA | &#124; |
| D/B/A RENAL CARE GROUP, INC. | &#124; |
| | &#124; |
| Defendant. | &#124; |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO STAY PROCEEDINGS TO REQUIRE EXHAUSTION OF
ADMINISTRATIVE REMEDIES**

Plaintiff, Josephine Woods, by counsel, files this response to Defendant, Bio-Medical Applications of Indiana, Inc. ("Defendant"), formerly known as Renal Care Group, Inc.'s and incorrectly identified as Fresenius Medical Care Group of North America, d/b/a Renal Care Group, Inc., Motion to Stay Proceedings to Require Exhaustion of Administrative Remedies.

**I. INTRODUCTION**

Plaintiff, Josephine Woods ("Woods") has filed three (3) Charges of Discrimination against Bio-Medical with the Equal Employment Opportunity Commission ("EEOC"): (1) a May 22, 2006 Charge alleging that she was discriminated against based on her race in that she was denied a promotion to the Clinic Manager position; her hours were allegedly reduced; and she allegedly performed the duties and responsibilities of her manager; (2) an October 2, 2006 Charge alleging that Defendant retaliated against her for filing her May 22, 2006 Charge when it issued a written warning

to her for attendance violations; and (3) a January 8, 2007 Charge alleging that she was terminated because of her race and in retaliation for filing her two prior EEOC charges.

On October 5, 2006, the EEOC issued a right to sue notice to Woods for her May 22, 2006 Charge. Subsequently, on December 21, 2006, Woods filed the instant Complaint, in which she asserts that Defendant failed to promote her due to her race and failed to pay her wages due and owing.

Contrary to Defendants' position, based largely on a misreading of the pleadings, Woods has never, and is not, attempting to insert any claim for damages in this case for the charges still pending before the EEOC and related to Defendants' retaliation against her. It is clear Defendants tactic in moving to stay these proceedings is nothing more than an attempt to delay this litigation from a final resolution. Defendant claims that Woods is attempting to "expend considerable time and resources litigating each individual matter in *three* separate actions," yet it is Defendant which has the power to seek a resolution of all the claims--this claim in Federal Court and the two other claims before the EEOC. It is telling that Defendant has never attempted mediation at the EEOC, another indicator that its motive is to delay. Accordingly, this Court should deny the motion to stay proceedings.

## II. FACTUAL BACKGROUND

Defendant's "factual background" should be struck as it contains information pertinent to Woods' second and third charges and is meant to influence this Court against Woods. The only operative facts are that Defendant employed Woods as a Registered Nurse ("R.N.") from February 3, 2005 until November 15, 2006. Complaint, ¶ ¶ 10, 16. During Woods' employment, she internally applied for a Clinic Manager position with

Defendant.  Complaint, ¶ 12.  Defendant discriminated against Woods by not hiring her as the Clinic Manager.  On May 22, 2006, Woods filed her charge of discrimination in which she contended that Defendant did not promote her due to her race.  See May 22, 2006 EEOC Charge, attached to Defendant's Motion to Stay as Exhibit A.  The EEOC issued a right to sue notice to Woods on October 5, 2006.

Woods has plead that Defendant terminated her employment in retaliation for her May 22, 2006 Charge.  See Exhibit D to Defendant's Motion to Stay.  Woods has never asserted a separate cause of action for retaliation in her Complaint, and her recent discovery to Defendant pertains only to this failure to promote lawsuit.

### III.    PLAINTIFF HAS A RIGHT TO TRY HER CAUSES OF ACTION SEPARATELY

Woods has filed a federal lawsuit within 90 days *after receiving a right to sue letter* from the EEOC.  Defendants rely on *Woods v. Dunlop Tire Co.*, 972 F.2d 36 (2nd Cir. 1992), but it is not on point.  *Dunlop Tire* deals with issues of *res judicata*, which is not relevant to this matter.  *Res judicata* has nothing to do with this litigation and whether it should be stayed so that Woods' two other charges of discrimination can be added to it.

Defendant relies on *Bassett v. Subaru-Isuzu Automotive, Inc.*, 948 F. Supp. 811 (N.D. Ind. 1996) but *Bassett* is not on point.  *Basset* deals with the filing of *pendent state* claims which is not relevant to this matter because Woods has not plead any state law claims.  Woods has three separate causes of action and she is entitled to file each separately.  Defendant should not be allowed to dictate to Woods how she seeks redress for her Title VII claims.  Under Rule 42[1] of the Federal Rules of Civil Procedure, this

---

[1] Rule 42. Consolidation; Separate Trials

- 3 -

Court can take appropriate action to prevent and avoid prejudice by consolidating discovery and ordering separate trials.

## IV. CONCLUSION

Defendant's motion to stay this proceeding pending Wood' receipt of right to sue letters from the EEOC on two other charges of discrimination is for purposes of delay and not for purposes of a resolution.  It is prejudicial to Woods' right to have a jury trial on her three separate causes of action.  It is meant to prejudice her.  Woods requests this Court deny the motion to consolidate.

/s Mary J. Hoeller, Attorney
For Plaintiff, Josephine Woods

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2007, a copy of the foregoing **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS TO REQUIRE EXHAUSTION OF ADMINISTRATIVE REMEDIES** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

---

(a) Consolidation.

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

(b) Separate Trials.

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Mary J. Hoeller          mary@attorneyhoeller
Nadine Abrahams          nabrahams@laborlawyers.com