THE UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOSEPHINE WOODS,** )<br>)<br>   Plaintiff, )<br>)<br>   and )<br>)<br>**FRESENIUS MEDICAL CARE** )<br>**GROUP OF NORTH AMERICA,** )<br>**D/B/A RENAL CARE GROUP, INC.,** )<br>**THERESA WILLIAMS, and ALLISON** )<br>**CRUEA,** )<br>)<br>   Defendants. )<br>) | Case No. 06 CV 1804-RLY-WTL |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION TO QUASH NON-PARTY SUBPOENAS**

Defendant Bio-Medical Applications of Indiana, Inc., formerly known as Renal Care Group, Inc. ("Defendant"), responds to Plaintiff's Motion to Quash Non-Party Subpoenas as follows:

**I.   BACKGROUND**

Plaintiff's Third Amended Complaint alleges claims of race discrimination (failure to promote) and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 1981; promissory estoppel; and tortuous interference.

Pursuant to information provided by Plaintiff in her responses to Defendant's interrogatories and document production requests, Defendant issued subpoenas to Clarian Health Partners and National Renal Institute/Diversified Specialty Institute, requesting employment records relating to Plaintiff. As identified in her responses to Defendant's written discovery requests, Clarian Health Partners (Dialysis Center of Indiana University) was Plaintiff's

employer immediately before she began working for Defendant and Diversified Specialty Institute was Plaintiff's employer immediately after she ceased working for Defendant. Defendant provided Plaintiff with a copy of the subpoenas when they were issued on November 13, 2007. On December 19, 2007, Plaintiff filed a Motion to Quash Non-Party Subpoenas, seeking to quash Defendant's subpoenas to Clarian Health Partners and Diversified Specialty Institute.

## II.     ARGUMENT

### A.     Plaintiff Lacks Standing To Move To Quash The Third Party Subpoenas.

Plaintiff lacks standing to quash the subpoenas. "Parties do not generally have standing to bring a motion to quash on behalf of a subpoena recipient." *Hunt v. Northwest Suburban Community Hospital*, 2006 U.S. Dist. Lexis 3281 *4 (N.D. Ill. Jan. 30, 2006); *see also Mfr. Direct, LLC v. DirectBuy*, Inc., 2007 U.S. Dist. LEXIS 10250*4-6 (N.D. Ind. February 12, 2007); *Biedrzycki v. Town of Cicero*, 2005 U.S. Dist. Lexis 16423 *8 (N.D. Ill. Aug. 8, 2005) ("[o]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action.").[1]

Plaintiff claims that she has standing to object to the third party subpoenas on the grounds that she has a personal interest in the requested documents because her "personnel records includes personal information." Memo.[2] at pp. 4-5. Such assertion is meritless. If Plaintiff's argument is taken to its logical extreme, any time a defendant issues a subpoena for employment

---

[1] The mechanism for objecting to subpoenas set forth in Rule 45 allows the party to whom the subpoena is directed to object to the issuing party within 14 days of service of the subpoena, after which the issuing party may then move the court to enforce the subpoena. Fed. R. Civ. P. 45(c)(2)(B). None of the recipients have objected – either verbally or in writing – to producing the employment records Defendant has requested. As none of the parties to the subpoena have availed themselves of Rule 45's objection mechanism, Rule 45 does not provide a basis upon which to quash the subpoenas in question.

[2] References to Plaintiff's Brief in Support of Plaintiff's Motion to Quash Non-Party Subpoenas ("the Memorandum") are noted herein as "(Memo. at p. ____).

2

records in an employment discrimination matter, such subpoena should be quashed because it seeks personnel records. That is contrary to the law and illogical. *See Grant v. Homier Distrib. Co.*, 2007 U.S. Dist. LEXIS 63083 *11-12 (N.D. Ind. August 24, 2007) (denying Plaintiff's motion for protective order stating that any concern Plaintiff has regarding possible retaliation from her current employer as a result of the subpoena is unfounded as such action is illegal and Plaintiff has statutory provisions to correct any retaliation). As discussed below, the records requested are relevant to Plaintiff's claims and damages. Additionally, when Plaintiff sued Defendant, she opened up her personnel records for inspection. Finally, personal information (such as Plaintiff's social security number) contained in Plaintiff's personnel records is already known to Defendant because that information is also contained in Plaintiff's personnel records with Defendant.

### B. Defendant Gave Plaintiff Adequate Notice Of Its Intent To Issue Subpoenas.

Plaintiff argues that Defendant is required to give prior notice of its intent to issue third party subpoenas pursuant to Fed. R. Civ. P. 45(b)(1). However, as stated in the Committee notes of Fed. R. Civ. P. 45(b)(1), the Rule only requires that "prior" notice be provided prior to the subpoena's return date. *See* Fed. R. Civ. P. 45, *Notes of Advisory Committee on 2007 Amendments.* Plaintiff has not cited any support within the Seventh Circuit for its contention that Defendant must give notice, prior to issuance of the subpoenas, of its intent to issue third party discovery subpoenas. Regardless, assuming *arguendo* that Defendant was required to provide advance notice before it issued the subpoenas, when opposing counsel has notice and sufficient time to object, counsel is not prejudiced by any violation of Rule *45(b)(1).* See *Biocore Med. Techs., Inc. v Khosrowshahi,* 181 FRD 660 (D. C. Kan. 1998). Here, as is evidenced by this Motion, Plaintiff has had ample time to challenge the issuance of the subpoenas before the return

date indicated on the subpoenas. She certainly has not been prejudiced by the timing of the issuance of the notice.

    **C.**    <u>**Defendant's Subpoenas Are Proper**</u>

        **1.**  <u>**The Subpoenas are an Appropriate, Non-Harassing Method of Obtaining Relevant Information.**</u>

Pursuant to Fed. R. Civ. P. 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. The information sought need not be admissible at trial if the information appears reasonably calculated to lead to the discovery of admissible evidence." *Davenport v. Indiana Masonic Home Foundation, Inc. et al.,* 2003 U.S. Dist. Lexis 6350 *7-9 (S. D. Ind. March 27, 2003); Fed. R. Civ. P. 26(b)(1). Discovery is both broad and liberal in order to encourage full disclosure before trial. *See e.g., Hooker v. Norfolk Southern Ry. Co.*, 204 F.R.D. 124, 126 (S.D. Ind. 2001); *Anderson v. Hale*, 202 F.R.D. 548, 2001 WL 503045 * 3 (N.D. Ill 2001)("Information is generally discoverable under the Federal Rules of Civil Procedure. The minimal showing of relevance and admissibility hardly poses much of an obstacle for an inquiring party to overcome."). Although courts can limit the scope of discovery, such limitations are restricted to the following: cumulative or duplicative discovery; discovery that can be obtained from other sources; and discovery that is burdensome. Fed. R. Civ. P. 26 (b)(2)(C). As discussed below, there are no grounds whatsoever for this Court preventing Defendant from obtaining the information requested in the subpoenas. The subpoenas are reasonably calculated to lead to the discovery of admissible evidence. Moreover, they are not cumulative, duplicative, cannot be obtain through any other source, and certainly impose no undue burden on Plaintiff.

In fact, in implicit recognition of the relevance of the requested information, Plaintiff argues that Defendant's subpoenas to her former and current employers should be quashed

4

because they request information which is "readily obtainable through much lesser-intrusive means," such as a deposition. Memo. at p. 5. This argument does not withstand factual or legal muster. Plaintiff may have some, but certainly not all, of the relevant information relating to her former and current employment contained in her employers' files. The potential for some overlap of information produced by Plaintiff and her employers is an insufficient basis upon which to quash a subpoena. *See aaiPharma, Inc. v. Kremers Urban Development Co.*, 361 F. Supp. 2d 770, 778 (N.D. Ill. 2005) (refusing to quash a subpoena because "some overlap in the discovery requested from MBHB and the discovery already taken from AAI and its prosecution counsel does not render the burden to MBHB undue."). Plaintiff's current and former employers have relevant information that Plaintiff does not possess, and the subpoenas are justified on this ground alone. A subpoena is not a particularly intrusive discovery device: subpoenaing records is surely a less "intrusive" way in which to seek the relevant information than, for example, deposing representatives from Plaintiff's former or current employers. Plaintiff received notice of the subpoenas, and will be permitted access to the documents produced in response to the subpoenas.

Equally as important, though, is the fact that there is nothing harassing or otherwise untoward about Defendant's issuance of subpoenas for Plaintiff's employment records. As discussed above, Defendant has not requested privileged or personal information about Plaintiff from these third parties, but rather has requested information relating to her employment, which she has put at issue in this matter. Finally, the subpoenas are not harassing to Plaintiff because she is not required to do anything in response to them.

## 2. **Defendant's Subpoenas Are Narrowly Tailored**

Plaintiff's allegation that Defendant's subpoenas are a "fishing expedition" is false. Defendant's subpoenas are addressed only to Plaintiff's employer immediately before she began working for Defendant and immediately after she ceased working for Defendant. Such narrowly tailored subpoenas are enforceable. *See eg. Graham v. Casey's General Stores, Inc.*, 206 FRD 251, 256 (S.D. Ind. 2002) (denying Plaintiff's motion to quash subpoenas to Plaintiff's former employers); *Richmond v. UPS Service Parts Logistics,* 2002 U.S. Dist. Lexis 7496 *11 (S.D. Ind. April 25, 2002) (denying Plaintiff's motion to quash subpoena to prior employer); *Davenport v. Indiana Masonic Home Foundation, Inc. et al.,* 2003 U.S. Dist. Lexis 6350 *7-9 (S. D. Ind. March 27, 2003) (denying Plaintiff's motion to quash subpoena to prior employer); *contra Jones v. St. John's Health Systems,* 2007 U.S. Dist Lexis 63274 (S.D. Ind. August 27, 2007) (quashing subpoenas sent to five prior employers).

Moreover, as Plaintiff correctly states in her motion, in its Answer to Interrogatory No. 7, Defendant stated that Plaintiff's managerial and supervisory experience were among the reasons for its decision not to select Plaintiff for the Clinic Manager position. Memo. at p. 8. As such, Plaintiff's experience, including her employment records from her prior employer, is directly relevant to Plaintiff's failure to promote claims.

Although Plaintiff claims that the subpoena is overly broad, she fails to identify which of the requested documents are purportedly overly broad. Moreover, Defendant has indicated that it is willing to handle the documents under a protective order in order to allay any of Plaintiff's concerns regarding the breadth or sensitivity of any of the documents. Additionally, Defendant is willing to agree to allow the subpoenas to be returned to the Court for an in-camera inspection.

The Court can then determine whether there is any irrelevant information to which Defendant is not entitled.

### 3. Defendant's Subpoenas Relate Directly To Plaintiff's Veracity As A Witness.

Plaintiff asserts that evidence regarding Plaintiff's employment with other employers is inadmissible character evidence. However, this Court and the Seventh Circuit have held that evidence concerning Plaintiff's prior employment is discoverable and relevant to show Plaintiff's credibility and motive in bringing suit. *Graham v. Casey's General Stores, Inc.,* 206 FRD at 256; *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 495 (7th Cir. 1998); *Richmond v. UPS Service Parts Logistics,* 2002 U.S. Dist. Lexis 7496 *11. Plaintiff attempts to distinguish the *Graham* and *Richmond* cases because those plaintiffs had criminal records. However, Plaintiff's argument fails because similar to the plaintiffs' criminal records in *Graham* and *Richmond*, Plaintiff's employment experience is directly relevant to Plaintiff's credibility. As with the Plaintiffs in *Graham* and *Richmond*, if Plaintiff lied about her prior experience to either her previous or subsequent employers, such evidence goes directly to Plaintiff's truth and veracity as a witness.

### 4. The Requested Information Is Relevant to Plaintiff's Claim of Emotional Distress.

In her Third Amended Complaint, Plaintiff alleges that she has experienced emotional pain and suffering. As such, records from Plaintiff's subsequent employers are relevant to establish to what extent Plaintiff has suffered any emotional distress and the cause of such distress. These records would include any performance evaluations, attendance records, disciplinary actions, and medical records obtained by her subsequent employer. *See Doe v. Oberweis Dairy,* 456 F3d 704, 718 (7th Cir. 2006); *Loch v. Bd. of Educ.*, 2007 U.S. Dist. LEXIS

77194 (S.D. Ill. October 16, 2007); *Davenport v. Indiana Masonic Home Foundation, Inc. et al.*, 2003 U.S. Dist. Lexis 6350 *7-9. Plaintiff's personnel records from her current employer are directly probative to the issue of any alleged emotional distress Plaintiff may currently be suffering. For instance, to the extent that Plaintiff is currently experiencing disciplinary, performance, attendance or other issues which may be causing her distress, such issues are directly relevant to her claim that she is suffering emotional distress as a result of Defendant's alleged actions.

        **D.**      **Defendant Is Entitled To Discovery On After Acquired Evidence**

Plaintiff argues that because she has not specifically requested post-discharge damages for back or front pay, any after acquired evidence is irrelevant. However, in her Third Amended Complaint, Plaintiff makes claims under Title VII, which entitles successful plaintiffs to recover back and front pay. *See* 42 U.S.C. § 2000e-5(g); *Hutchison v. Amateur Elec. Supp., Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994); *Downes v. Volkswagen of American, Inc.*, 41 F.3d 1132, 1141 (7th Cir. 1994). Moreover, Plaintiff requests the Court "grant all other relief the Court deems just and proper." Additionally, it is not clear whether Plaintiff is seeking back pay and front pay in connection with her failure to promote claim. Therefore, Defendant is entitled to discovery regarding its after-acquired evidence defense. *See McKennon v. Nashville Publishing Co.*, 513 US 352 (1995); *Davenport v. Indiana Masonic Home Foundation, Inc. et al.*, 2003 U.S. Dist. Lexis 6350 *7-9.

**III.     CONCLUSION**

       For the foregoing reasons, Defendant respectfully submits that Plaintiff's motion to quash be denied.


Dated: January 8, 2008                                             **Bio-Medical Applications of Indiana, Inc.**


                                                                By:     /s/ Nadine C. Abrahams
                                                                                 One of Defendant's Attorneys

Nadine C. Abrahams
Jackson Lewis LLP
320 W. Ohio St., Suite 500
Chicago, IL 60610
(312) 787-4949

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on January 8, 2008, she caused a true and correct copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH NON-PARTY SUBPOENAS to be filed with the Court by the Court's ECF/CM electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

                                                /s/ Nadine C. Abrahams