UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPHINE WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:06-cv-1804-RLY-WTL |
| ) | |
| FRESENIUS MEDICAL CARE GROUP OF ) | |
| NORTH AMERICA, d/b/a RENAL CARE ) | |
| GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON MOTION TO QUASH

This cause is before the Magistrate Judge on the Plaintiff's motion to quash. The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS** the motion for the reasons set forth below.

Plaintiff Josephine Woods alleges in this case that the Defendants discriminated against her on the basis of her race by reducing her work hours and denying her a promotion and then retaliated against her for filing discrimination charges and otherwise complaining about discriminatory conduct. In the instant motion, the Plaintiff seeks to quash the non-party subpoenas issued by Defendant Fresenius Medical Care Group of North America (hereinafter "the Defendant") seeking her employment records from her employer immediately prior to the Defendant and her current employer.[1] The Plaintiff argues that she has a privacy interest in the

---

[1] As an initial matter, the Plaintiff argues that the Defendant violated Federal Rule of Civil Procedure 45(b)(1) by failing to give her notice of the subpoenas before it served them. The subpoenas were issued prior to the December 1, 2007, amendment of Rule 45(b)(1) which makes it clear that such notice is required. Under the previous version of the rule, it was ambiguous whether the notice was required prior to service of a subpoena or prior to the return date listed on the subpoena, although courts had "tended to converge on an interpretation that requires notice to the parties before the subpoena is served." Rule 45(b)(1) Advisory Committee's Note.

documents sought by the subpoenas and that the documents are irrelevant to the claims and defenses in this case.

In response, the Defendant first argues that the Plaintiff lacks standing to seek to quash the subpoenas. This argument is without merit. "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *U.S. v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982).[2] The Plaintiff correctly asserts that she has a legitimate interest in protecting the confidentiality of much of the information contained in her employment records and also in maintaining her relationship with her current employer. The Defendant responds to this argument as follows: "If Plaintiff's argument is taken to its logical extreme, any time a defendant issues a subpoena for employment records in an employment discrimination matter, such subpoena should be quashed because it seeks personnel records. That is contrary to the law and illogical." Defendant's Response at 2. It is the Defendant's argument that is illogical, however. To say that the Plaintiff's interest in the private information contained in the records sought by the Defendant gives her standing to object to the subpoenas is not the equivalent of saying that the subpoenas should be quashed; rather, it simply means that the Plaintiff is entitled to have her arguments heard on the issue.

Next, the Defendant argues that the information sought by the subpoenas is relevant and

---

[2]The Defendant cites to three unpublished decisions in support of its argument that the Plaintiff lacks standing to move to quash the subpoenas because they were not issued to her. However, the Defendant fails to acknowledge that while these cases each state the proposition that "[p]arties do not *generally* have standing to bring a motion to quash on behalf of a subpoena recipient," *Hunt v. Northwest Sub. Comm. Hosp.*, 2006 U.S. Dist. LEXIS 3281 at *4 (N.D. Ill. Jan. 30, 2006) (emphasis added), they also each recognize the fact that "a party to the case gains standing when an assertion of 'personal right or privilege' is made regarding the sought-after documents." *Manufacturer Direct, LLC v. Directbuy, Inc.*, 2007 U.S. Dist. LEXIS 10250 at *5 (N.D. Ind. Feb. 12, 2007).

discoverable because it is "information relating to [the Plaintiff's] employment, which she has put at issue in this matter." However, the Plaintiff has not placed her entire employment history at issue, but rather only her employment with the Defendant. While it is certainly theoretically possible that records from a previous or subsequent employer might be relevant in an employment discrimination case, such a theoretical possibility does not make the records discoverable. Rather, the Defendant must demonstrate that the documents it seeks actually are relevant to the claims and defenses in this case. Further, it is the Court's duty to consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this litigation, and the importance of the proposed discovery in resolving the issues." Applying these factors leads to the conclusion that an employment discrimination plaintiff does not open her entire work history up for discovery by the defendant as a matter of course; rather, the defendant must demonstrate a specific reason why the information is relevant to the particular claims and defenses in the case at hand. In other words, absent a showing that the subpoenas are reasonably calculated to lead to the discovery of admissible evidence, the Defendant is simply embarking on the proverbial fishing expedition, and the theoretical potential relevance of any information obtained by such discovery is outweighed by the interests of the plaintiff discussed above.

     The Defendant makes several arguments regarding the relevance of the information it seeks in this case. First, it argues that because "Plaintiff's managerial and supervisory experience were among the reasons for its decision not to select Plaintiff for the Clinic Manager position[,] Plaintiff's experience, including her employment records from her prior employer, is directly relevant to Plaintiff's failure to promote claims." Defendant's Response at 6. This

argument is entirely without merit.  Any consideration by the Defendant of the Plaintiff's experience had to be based upon the information that the Defendant had at the time it made the decision not to promote her.  Therefore, it is completely irrelevant what her actual experience was; what is relevant is what the Defendant believed it to be at the time.

Next, the Defendant argues that it is entitled to the information it seeks because "evidence concerning Plaintiff's prior employment is discoverable and relevant to show Plaintiff's credibility and motive in bringing suit."  However, the Defendant points to nothing that indicates that the Plaintiff was untruthful to the Defendant or her other employers; rather, the Defendant simple wants to "fish around" in order to see what it might uncover.  Similarly, the Defendant argues that information from the Plaintiff's current employer might demonstrate that any emotional distress she is experiencing was not caused by the Defendant, but rather by "disciplinary, performance, attendance or other issues" in her current position.  There does not appear to be any reason to believe that is the case, however, and, again, the Defendant simply is not entitled to amass a collection of documents in hopes of finding something useful.  The same is true with regard to the Defendant's assertion that it is entitled to the discovery in question because it might lead to evidence that would support an after-acquired evidence defense.

Because the Defendant has failed to demonstrate that its subpoenas to the Plaintiff's past and current employers are based upon anything other than the Defendant's hope that the documents sought might prove useful in this case, the Plaintiff's motion to quash the subpoenas is **GRANTED**.

SO ORDERED:  01/16/2008

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification